## PALMER *against* HATCH.

THIS was an action of debt, for the escape of *R. Usher*, a prisoner, from the custody of the defendant, the late sheriff of *Madison* county, on an execution at the suit of the plaintiff. The cause was tried at the *Madison* circuit, in *July*, 1812, before Mr. Justice *Spencer*.

The execution was produced with the return of the sheriff endorsed *cepi corpus in custodia*.

It appeared that the *deputy* of the sheriff arrested *Usher*, on the return day of the *ca. sa.* and delivered him to the care of two brothers of *Usher*, in whose custody he remained until the next day, the deputy having left him, and gone on other business. *Usher* remained in the place where he was left, with his brothers, until 12 o'clock that night, when he went to his own house with them, and the deputy did not take him to gaol until the next day.

The jury, under the direction of the judge, found a verdict for the plaintiff.

A motion was made to set aside the verdict, and for a new trial, which was submitted to the court without argument.

*Where a deputy sheriff arrested a defendant on an execution and left him in the custody of two brothers of the defendant, and went to serve other process, and did not take him to gaol until the next day, it was held that this was an escape for which the sheriff was liable; the persons in whose custody the prisoner was left, having no authority to detain him in the absence of the deputy.*

*Per Curiam.* After the deputy had arrested *Usher*, he voluntarily left him in custody of two of his brothers, in order to go and execute other process. This was leaving the prisoner *at large*, and was clearly an *escape;* for the two brothers of the prisoner had no authority, after the deputy had left them, to detain the prisoner. The case of *Benton* v. *Sutton* (1 *Bos. & Pull.* 24.) is directly to this point, and the argument appears to be conclusive.

Judgment for the plaintiff.